UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Christopher Hayes,

    Debtor.
_____/

Thomas J. Budzynksi,          Case No. 11-15156

    Appellant,              Honorable Sean F. Cox
                            United States District Judge

v.

United States of America,

    Appellee.
_____/

OPINION & ORDER DENYING THE GOVERNMENT'S
MOTION TO DISMISS APPEAL REGARDING SANCTIONS

Appellant Thomas J. Budzynksi, attorney for the debtor Christopher Hayes in bankruptcy Case No. 10-58136, appeals the October 4, 2011 order of Bankruptcy Judge Steven Rhodes granting Appellee United States' Motion for Sanctions. The matter is currently before the Court on the United States' Motion Pursuant to Bankruptcy Rule 8011 to Dismiss Appeal. The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, the Court shall DENY the Government's motion.

BACKGROUND

On August 31, 2010, Christopher Hayes ("Hayes"), the debtor in the underlying bankruptcy action, filed an adversary proceeding against the Government seeking a declaration that he is not liable for certain tax debts owed by a company called P.C. Landscape Services,

Inc.. The bankruptcy court denied the Government's motion to dismiss the adversary proceeding, and this subsequently Court denied the Government's motion for leave to appeal the bankruptcy court's order. (Case No. 10-14938, D. E. No. 20).

On March 7, 2011, Hayes filed a motion for sanctions against the Government, and the Government, in turn, filed a cross-motion for sanctions against Hayes's counsel, Thomas J. Budzynksi. In its motion for sanctions, the Government asserted that Hayes's motion for sanctions was frivolous. After the Government filed its own motion for sanctions, Hayes withdrew his motion for sanctions.

On October 4, 2011, the bankruptcy court granted the Government's motion for sanctions after a hearing on the matter. The bankruptcy court found that Mr. Budzynksi did not serve the Government with his sanctions motion 21 days before filing it with the court and therefore failed to comply with Fed. R. Bankr. P. 9011(b). The bankruptcy court also found that there was no support for Hayes's motion for sanctions, that Mr. Budzynksi's actions "were not reasonable under the circumstances," and that Mr. Budzynksi "did not have a good faith basis for filing [his] motion for sanctions against the IRS." (Sanctions Order at 4). Additionally, the bankruptcy court noted prior instances of Mr. Budzynski having been sanctioned by courts in this district. The bankruptcy court concluded by imposing monetary sanctions against Mr. Budzynski in the amount of $5,000.00, made payable to the Government.

On November 22, 2011, Mr. Budzynski appealed the bankruptcy court's order imposing sanctions. (D.E. No. 1). Mr. Budzynski also filed a motion to consolidate this appeal with Case No. 10-14938, which is the Government's action to reduce to judgment the tax liabilities of

Christopher Hayes and Paul Hayes,[1] and Case No. 10-14952, which is the Government's request to file an interlocutory appeal of the bankruptcy court's denial of the Government's motion to stay Hayes's adversary proceeding.[2]

On November 30, 2011, the Government filed a response brief opposing Mr. Budzynski's motion to consolidate, and also requesting that Mr. Budzynski's appeal be dismissed for lack of jurisdiction.  (D. E. No. 6).

On December 9, 2011, the Government filed the instant Motion Pursuant to Bankruptcy Rule 8011 to Dismiss Appeal.  (Gov's Mtn., D. E. No. 8).  Mr. Budzynski filed a response to the Governmen's motion to dismiss on December 13, 2011.  (Resp. Br., D. E. No. 11).

On January 30, 2012, Mr. Budzynski withdrew his motion to consolidate upon stipulation of both parties.  (D. E. No. 15).

On April 2, 2012, the bankruptcy court issued a judgment in the adversary proceeding from which this appeal arises.  To date, Mr. Budzynksi has not tendered payment of the sanction to the Government.

## ANALYSIS

As stated above, Mr. Budzynski appeals an order of the bankruptcy court imposing monetary sanctions pursuant to Fed. R. Bankr. P. 9011(b) and (c).  In its motion to dismiss, the Government relies heavily on its response to Mr. Budzynski's  motion to consolidate.  The Government requests that the Court dismiss Mr. Budzynski's appeal for lack of jurisdiction

---

[1] On January 20, 2012, the Court filed a Stipulation and Order dismissing Christopher Hayes as a defendant in Case No. 10-14938.

[2] This Court denied the Government's motion for leave to file an interlocutory appeal on June 22, 2011.

because it believes the appeal is interlocutory.  Alternatively, the Government asserts that, if the Court is inclined to grant Mr. Budzynski leave to file an interlocutory appeal, the Court should first order Mr. Budzynski to comply with the sanctions order.

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court.  To determine whether a bankruptcy court order is final, a district court looks to whether "an order in a bankruptcy case finally disposes of discrete disputes within the larger case."  *In re Dow Corning Corp*, 86 F.3d 482, 488 (6th Cir. 1996) (internal quotation marks and citation omitted).  Courts have adopted a broader definition of "finality" as it relates to bankruptcy proceedings.  *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Down Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996); *See also Sicherman v. Diamoncut, Inc. (In re Sol Bergman Estate Jewelers, Inc.)*, 208 F.3d 215 (Table) at *1, 2000 WL 263338 at *1 (6th Cir. 2000) ("Most authorities agree that finality in bankruptcy is broader than finality in ordinary civil litigation.").

This Court agrees with Mr. Budzynksi that a bankruptcy court's order imposing sanctions pursuant to Fed. R. Bankr. P. 9011 is an appealable order.  Other courts within the Sixth Circuit have similarly found that an order by the bankruptcy court imposing sanctions is a final order under 28 U.S.C. § 158(a).  Most recently, in *In re Lamar Crossing Apartments, L.P.*, a Bankruptcy Appellate Panel of the Sixth Circuit stated:

> A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted). The bankruptcy court's order imposing sanctions is a final, appealable order. *See B–Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 936 (6th Cir.2010).

*In re Lamar Crossing Apartments, L.P.*, 2011 WL 6155714 (6th Cir. BAP (Tenn.) (2011)).

Under these standards, and despite the fact that Mr. Budzynksi has yet to pay the sanction, the bankruptcy court's sanctions order is a final order.  All that remains is the execution of the judgment against Mr. Budzynkski.  As the Government concedes in its brief, it is currently entitled to the $5,000.00 award of monetary sanctions.

In any event, the bankruptcy court's April 2, 2012 judgment regarding Hayes's adversary proceeding removes any doubt as to whether the bankruptcy court's sanctions order is currently appealable.  The bankruptcy court's judgment disposed of Hayes's adversary proceeding and disallowed the IRS's proof of claim against the bankruptcy estate.  Accordingly, the bankruptcy court's April 2, 2012 judgment is a final under the broad standards of 28 U.S.C. § 158(a).

## CONCLUSION

For reasons set forth above, the Court HEREBY ORDERS that the Government's Motion Pursuant to Bankruptcy Rule 8011 to Dismiss Appeal (D.E. No. 8) is DENIED.

IT IS FURTHER ORDERED that, as stated in this Court's January 30, 2012 order (D.E. No. 17), the Government shall have 14 days from the date of this order to file its appellate brief.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  April 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on

April 20, 2012, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager