UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Christopher Hayes,

    Debtor.
_____/

Thomas J. Budzynksi,                          Case No. 11-15156

    Appellant,                              Honorable Sean F. Cox
                                                        United States District Judge
v.

United States of America,

    Appellee.
_____/

## AMENDED OPINION & ORDER AFFIRMING
## THE DECISION OF THE BANKRUPTCY COURT

Appellant Thomas J. Budzynski ("Mr. Budzynski"), attorney for the debtor Christopher Hayes in bankruptcy Case No. 10-58136, was sanctioned on October 4, 2011 by the order of Bankruptcy Judge Steven Rhodes granting Appellee United States' (the "Government") Motion for Sanctions. The matter is before the Court on Mr. Budzynski's appeal of the sanction order. After the parties fully briefed the issues, this Court issued an order pursuant to Fed. R. Bankr. P. 8012, finding that the decisional process would not be significantly aided by oral argument. The parties were given an opportunity to file a response demonstrating why this Court should not decide the case on the briefs and the record. Neither party objected to the Court's order and the Court declines to hear oral argument on the matter. Because the bankruptcy court did not abuse its discretion when it determined that Mr. Budzynski's actions which led to the imposition of

1

sanctions were not reasonable under the circumstances, the Court **AFFIRMS** the decision of the bankruptcy court.

## BACKGROUND

On August 31, 2010, Christopher Hayes ("Hayes"), the debtor in the underlying bankruptcy action, filed an adversary proceeding against the Government seeking a declaration that he is not liable for certain tax debts owed by a company called P.C. Landscape Services, Inc.. The bankruptcy court denied the Government's motion to dismiss the adversary proceeding, and this Court subsequently denied the Government's motion for leave to appeal the bankruptcy court's order. (D.E. No. 20, Case No. 10-14938).

On March 7, 2011, Hayes filed a motion for sanctions against the Government, alleging that the IRS violated compulsory joinder and counterclaim rules by filing a case in the district court which arose out of the same facts and circumstances as the matter before the bankruptcy court, and also that the IRS issued a notice of levy against him for the improper purpose of harassing him. The Government, in turn, filed a cross-motion for sanctions against Hayes' counsel, Mr. Budzynski. In its motion for sanctions, the Government asserted that Hayes' motion for sanctions was frivolous. After the Government filed its own motion for sanctions, Hayes withdrew his motion for sanctions.

On October 4, 2011, the bankruptcy court granted the Government's motion for sanctions after a hearing on the matter. The bankruptcy court found that Mr. Budzynksi did not serve the Government with his sanctions motion 21 days before filing it with the court and therefore failed to comply with Fed. R. Bankr. P. 9011(b). The bankruptcy court also found that there was no support for Hayes' motion for sanctions, that Mr. Budzynski's actions "were not reasonable

under the circumstances," and that Mr. Budzynski "did not have a good faith basis for filing [his] motion for sanctions against the IRS." (Sanctions Order at 4). Additionally, the bankruptcy court noted prior instances of Mr. Budzynski having been sanctioned by other courts in this district. The bankruptcy court concluded by imposing monetary sanctions against Mr. Budzynski in the amount of $5000.00, made payable to the Government.

On November 22, 2011, Mr. Budzynski appealed the bankruptcy court's order imposing sanctions. (D.E. No. 1). Mr. Budzynski filed his appellate brief on November 23, 2011. (D.E. No. 4).

On November 30, 2011, the Government filed a response brief requesting that Mr. Budzynski's appeal be dismissed for lack of jurisdiction. (D.E. No. 6).

On December 9, 2011, the Government filed a Motion Pursuant to Bankruptcy Rule 8011 to Dismiss Appeal. (D.E. No. 8).

On April 2, 2012, the bankruptcy court issued a judgment in the adversary proceeding from which this appeal arises.

On April 20, 2012, the Court issued an Opinion & Order denying the Government's motion to dismiss the appeal. (D.E. No. 21). The Government subsequently filed its appellate brief on May 8, 2012. (D.E. No. 23).

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's imposition of sanctions using the abuse-of-discretion standard. *In re Fordu*, 201 F.3d 693, 711 (6th Cir. 1999). An abuse of discretion is established when the reviewing court is left with a "definite and firm conviction that the court below committed a clear error of judgment." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604,

607-08 (6th Cir. 2008). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Murray, Inc.*, 393 B.R. 288, 296 (B.A.P. 6th Cir. 2008). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Wingerter*, 594 F.3d 931, 936 (6th Cir. 2010).

## ANALYSIS

As stated above, Mr. Budzynski appeals an order of the bankruptcy court imposing monetary sanctions pursuant to Fed. R. Bankr. P. 9011(b) and (c). Federal Rule of Civil Procedure 11 provides in relevant part, "If, after notice and a reasonable opportunity to respond, the court . . . may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11. The bankruptcy analogue to

Rule 11 is Bankruptcy Rule 9011, which provides in relevant part:

> "[By filing a motion for sanctions] an attorney or unrepresented party is certifying best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishing of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4

>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b).

Violations of Rule 9011(b) are punishable by sanctions. *See* FED. R. BANKR. P. 9011(c). Rule 9011(c), however, requires that the offending party be given an opportunity to remedy the violation before sanctions are sought. Specifically, Rule 9011(c) provides in pertinent part:

>The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected . . . .

FED. R. BANKR. P. 9011(c)(1)(A).

This is referred to as the "safe harbor" provision. "A motion for sanctions cannot be filed with or presented to the court without satisfying the requisite 21-day 'safe harbor' provision." *In re HNRC Dissoolution Co.*, 330 B.R. 555, 558 (E.D. Kent. 1997). The Sixth Circuit requires strict compliance with the safe harbor provision. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

"The test for imposing Rule 9011 sanctions is whether the individual's conduct at issue was 'reasonable under the circumstances' at the time the filing was submitted." *In re Lamar Crossing Apartments, L.P.*, 2011 WL 6155714 (6th Cir. BAP (Tenn.) (2011)). The two goals of Rule 9011 are deterrence and compensation, with deterrence being the primary goal. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992).

Mr. Budzynski contends that his motion for sanctions was reasonable under the circumstances because the Government engaged in harassing conduct by filing an action in district court against Hayes to bring to judgment the amount owed by Hayes, and by prematurely

5

issuing a notice of levy. Upon review of the record, the bankruptcy court performed an adequate inquiry into the facts presented and applied the correct legal standard. The bankruptcy court concluded that Hayes did not serve his motion on the Government before filing it, and therefore did not comply with the safe harbor provision. The bankruptcy court also found no support for Hayes' allegation that the Government issued a notice of levy against him in order to harass him. The bankruptcy court found that the notice of levy was automatically generated by IRS computers, and that the Government notified Mr. Budzynski that it had no intention of levying Hayes' property. Furthermore, the bankruptcy court found that even if Hayes was justified in requesting sanctions, that matter should have been filed in the district court. The bankruptcy court concluded that the actions of Hayes and his counsel were not reasonable and they did not have a good faith basis for filing their motion for sanctions against the Government. Accordingly, the bankruptcy court imposed a monetary sanction against Mr. Budzynski.

Mr. Budzynski has not established that the bankruptcy court abused its discretion in imposing sanctions against him. Mr. Budzynski has failed to refute the factual findings of the bankruptcy court, which determined that he filed his motion for sanctions in bad faith because the Government notified Mr. Budzynski that the notice of levy was automatically generated, it was not generated by counsel for the Government, and that the Government had no intention on levying Hayes' property. The Sixth Circuit has previously found that motions filed in bad faith can be the basis for sanctions. *See Maloof v. Level Propane Gasses*, Inc, 316 Fed. Appx. 373, 316 (6th Cir. 2008) (finding that the bankruptcy court did not abuse its discretion in imposing sanctions for a renewed motion that "was without arguable merit, and was filed vexatiously, wantonly or for oppressive reasons."). Moreover, this Court may not impose its own judgment in

6

the place of the bankruptcy court's decision unless it finds that the bankruptcy court's decision was an abuse of discretion. The bankruptcy court did not abuse its discretion when it found that Mr. Budzynski filed his motion for sanctions in bad faith.

Additionally, Mr. Budzynski fails to refute the bankruptcy court's determination that sanctions were warranted because Mr. Budzynski filed a sanction motion against the Government without complying with the 21-day safe harbor provision of Rule 9011.  In fact, Mr. Budzynski admits to not having complied with the 21-day safe harbor provision.  Because the Sixth Circuit requires strict compliance with the safe harbor provision, the bankruptcy court did not abuse its discretion by considering this in its decision to impose sanctions.

Finally, Mr. Budzynski has a history of filing sanction motions that are retaliatory, abusive, or vexatious, and he has been sanctioned in the past. The bankruptcy court reasonably considered Mr. Budzynski's history in its decision to impose sanctions upon Mr. Budzynski because the purpose of Rule 9011 is to deter such conduct. *See In re Lamar Crossing Apartments, L.P.*, 2011 WL 6155714 at *11 (finding that sanctions would deter the offending attorney from "acting in a similar fashion in the future.").

Upon review of the record, the Court is not left with a "definite and firm conviction that the court below committed a clear error of judgment."  Therefore, the Court finds no abuse of discretion in the bankruptcy court's imposition of sanctions against Mr. Budzynski.

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the decision of the bankruptcy court.

**IT IS SO ORDERED.**


                                                <u>S/Sean F. Cox</u>
                                                Sean F. Cox
                                                United States District Court

Dated:  August 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2012, by electronic and/or ordinary mail.

                                                <u>S/Jennifer Hernandez</u>
                                                Case Manager